UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RIC LOGG,

                Plaintiff,

v.

TIG INSURANCE COMPANY,

                Defendants.

Case No. C21-5280 DGE-TLF

REPORT AND RECOMMENDATION

NOTING DATE: MAY 12, 2022

This matter comes before the Court on a motion to dismiss by defendant, Contractors Bonding & Insurance Company ("CBIC"). Dkt. 21. The Court has considered the parties' briefing (Dkt. 24, Dkt. 30) and supporting evidence, and has heard from counsel at oral argument (Dkt. 49). For the reasons explained below, the Court should DENY CBIC's motion to dismiss.

I.    BACKGROUND

The following allegations are derived from the Complaint. Dkt. 1. Plaintiffs, who collectively are the owners of homes located in the Vintage Hill Development in Auburn, Washington, filed a construction defect lawsuit against Highmark Homes LLC ("Highmark"), the general contractor and seller of the homes, on November 28, 2016 in Kitsap County Superior Court ("Vintage Hills Suit"). *See* Dkt. 1-1 at 598-605. The Vintage Hills Suit arose after the Plaintiffs noticed damage to their homes upon moving in. *See id.*

REPORT AND RECOMMENDATION - 1

B&B Construction and Remolding, LLC ("B&B") was hired by Highmark as a contractor to provide labor and services for the housing development. Dkt. 1 at ¶4.60. B&B was insured by CBIC. *See id.* at ¶4.62. Plaintiffs allege that "every contractor who worked on Highmark's development sign a master contract," pursuant to which "every contractor was required to procure insurance and name Highmark as an additional insured on its insurance." *See id.* at ¶¶4.34-4.36.

Highmark tendered its defense of the Vintage Hills Suit to both its own insurers and the insurers of the contractors, including CBIC. *See id.* at ¶4.196. Plaintiffs allege that Highmark requested that CBIC provide Highmark a defense as an additional insured under B&B's Policy. *See id.* Plaintiffs allege that CBIC did not accept Highmark's tender. *See id.* at ¶4.245.

On June 15, 2017, Highmark filed a third-party complaint in Kitsap County naming B&B and other contractors as defendants for breach of contract for the contractors' failure to name Highmark as an additional insured on their respective insurance policies. *See id.* at ¶1.2 On October 14, 2018, B&B moved to dismiss Highmark's claims for implied indemnity, breach of contract and breach of warranty. B&B relied on the argument that there was no written contract between B&B and Highmark to support the dismissal of each claim. *See* Dkt. 22 at Exhibit C. Highmark, in turn, argued that the invoices between B&B and Highmark collectively established a written contractual agreement, and thus, summary judgment should not be granted. *See* Dkt. 22 at Exhibit D. On January 7, 2019, B&B's motion was granted, and Highmark's claims against B&B were dismissed. *See* Dkt. 22 at Exhibit E.

Plaintiffs and Highmark entered into a settlement that contained a covenant judgment. *See* Dkt. 1 at ¶4.231. In exchange for a covenant not to execute, Highmark assigned Plaintiffs all rights to any claims it had against contractors, the contractor's insurance carriers, and Highmark's insurance carriers. *Id.*

CBIC moves to dismiss Plaintiffs' claims against it in the instant action because there is no written agreement between B&B and Highmark, Plaintiffs have not pled the existence of one, and pursuant to CBIC's additional insured endorsement, a written agreement is required for Highmark to be an additional insured under the policy. Dkt. 21 at 9-11. Further, CBIC argues that Plaintiffs are nonetheless collaterally estopped from relitigating the existence of a written contract because this fact was litigated in Kitsap County on summary judgment. *Id.* at 12.

II.   DISCUSSION

A. Motion to Dismiss Legal Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). The Court may, however, consider documents referenced extensively in the complaint, documents that form the basis of plaintiffs' claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). Where consideration of additional documents is appropriate, the well-pleaded allegations of the complaint and the contents of the documents are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013).

B.  Matters Outside the Pleadings

Before addressing the issue of whether the doctrine of *res judicata* applies in this matter, the Court first must determine whether B&B's motion for summary judgment (filed in Kitsap County), Highmark's response, and the state court's related order, may even be considered. As discussed above, the Court generally "may not consider any material beyond the pleadings" in ruling on a motion to dismiss. *Campanelli*, 100 F.3d at 1479. Accordingly, Fed.R.Civ.P. 12(b) provides in relevant part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters

outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, a motion to dismiss made under Fed.R.Civ.P. 12(b)(6) must be treated as a motion for summary judgment under Fed.R.Civ.P. 56 if either party submits materials outside the pleadings in support of or opposition to the motion, and the Court relies on those materials. Fed.R.Civ.P. 12(b); *see also Jackson v. Southern California Gas Co.*, 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is whether the court relied on the extraneous matter."). Failure to treat the motion as one for summary judgment would constitute reversible error. *See Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir.1982).

One recognized exception to this requirement, however, is that courts "may take judicial notice of 'matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1998); *see also Gemtel Corp. v. Community Redevelopment Agency*, 23 F.3d 1542, 1544 n. 1 (9th Cir.1994) (looking beyond complaint to matters of public record does not convert Rule 12(b)(6) motion to one for summary judgment).

On the other hand, "a court may not take judicial notice of a fact that is subject to reasonable dispute." quoting Federal Rule of Evidence 201(b). In addition, "when a court takes judicial notice of another court's opinion, it may do so" in the context of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), " 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.' " *Lee v. City of Los Angeles,* 250 F.3d 668, 690 (9th Cir. 2001) (*quoting Southern Cross Oversees Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir.1999)).

Here, the Court should decline, under Fed. R. Evid. 201(b), to judicially notice B&B's motion for summary judgment (Kitsap County), Highmark's response, and the state court's ruling of the motion -- because consideration thereof would require this Court to review disputed facts and ascertain the legal ramifications of the disputed facts set forth in those documents – i.e. whether there was a written contract between B&B and Highmark. Thus, the Court should also decline to reach the issue of whether *res judicata* applies here.

C. Failure to State a Claim

CBIC argues that if the Court finds that *res judicata* does not apply in the instant matter, this case should nonetheless be dismissed because Plaintiffs failed to allege the existence of a written contract between Highmark and B&B in their complaint.

Plaintiffs allege in their complaint that "every contractor" that worked on the housing development "signed a master contract" with Highmark which indicated the parties' responsibilities and obligations, including the contractors' responsibility to acquire insurance and name Highmark as an additional insured. Dkt. 1 at ¶¶ 4.32-4.35. Plaintiffs submitted some of the written agreements between Highmark and other contractors; Plaintiffs did not submit a contract between Highmark and B&B. *Id.* at Exhibit 14. Plaintiffs allege that the specific contract between Highmark and B&B was "lost in a move" along with several other contractor agreements. *See* Dkt. 24 at 9.

Dismissal under Fed. R. Civ. P. 12(b)(6) is inappropriate if a plaintiff has pleaded enough factual allegations to "raise a reasonable expectation that discovery will reveal evidence of each necessary element." *Twombly*, 550 U.S. at 556. It is not the role of the Court to opine whether a plaintiff will prevail in the action on the merits. Here, the Court,

accepting as true all the factual allegations in the complaint and construing all reasonable inferences in favor of Plaintiffs, should find there is a factual dispute as to the existence of contract between the parties. Because the Court should not take judicial notice of B&B's motion for summary judgment (Kitsap County) and the related documents as discussed above, discovery is necessary to determine whether B&B actually did enter into a written contract with Highmark requiring B&B to name Highmark as an additional insured under its policy with CBIC.

Thus, dismissal is inappropriate at this stage, and for the foregoing reasons, the Court should DENY CBIC's motion to dismiss Plaintiffs' claims.

### III.    CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY CBIC's motion to dismiss (Dkt. 21). The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); see also FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **May 12, 2022**, as noted in the caption.

Dated this 28th day of April, 2022.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge