UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RIC LOGG, et al.,<br><br>                Plaintiff,<br>v.<br>TIG INSURANCE COMPANY, et al.,<br><br>                Defendants. | Case No. 3:21-cv-5280-DGE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: MAY 12, 2022 |

This matter comes before the Court on Defendant TIG Insurance Company's ("TIG") (successor to American Safety Indemnity Company ("ASIC")) motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 39. Plaintiffs responded to TIG's motion (Dkt. 50), and the Court held oral argument (Dkt. 49). For the reasons set forth below, the Court should DENY TIG's motion to dismiss.

BACKGROUND

Plaintiffs, who collectively are the owners of homes located in the Vintage Hill Development in Auburn, Washington, filed a construction defect lawsuit against Highmark Homes LLC ("Highmark"), the general contractor and seller of the homes, on November 28, 2016 in Kitsap County Superior Court ("Vintage Hills Suit"). *See* Dkt. 1-1 at 598-605. The Vintage Hills Suit arose after the Plaintiffs noticed damage to their homes upon moving in. *See id.* ASIC issued three general commercial liability policies to Highmark covering the period from July 17, 2010 to July 17, 2013. *See* Dkt. 1 at 6-7.

REPORT AND RECOMMENDATION - 1

Highmark tendered its defense of the Vintage Hills Suit to ASIC and another insurer, Hannover. *See* Dkt. 1 at 34. Both insurers agreed to defend Highmark while reserving rights. *See id.* In April 2019, Plaintiffs, Highmark, and Hanover entered into a settlement agreement and release (the "Release"). *See* Dkt. 1-3 at 534-542. ASIC did not participate in the negotiation of the Release. *Id.* Under the terms of the Release, Highmark assigned to the Plaintiffs "any and all insurance claims Highmark and/or Tollen have or may acquire in the future against insurers other than Hannover related to the claims in the Vintage Hills Suit." *Id.* at III.3.

In the pending action, Plaintiffs assert various claims, including breach of contract, insurance bad faith, negligent misrepresentation, negligence, estoppel, and violations of the Washington Administrative Code, Consumer Protection Act, and Insurance Fair Conduct Act, against ASIC in their capacity as assignees of Highmark. Dkt. 1.

TIG, as successor of ASIC, filed the instant motion to dismiss asserting that the Release did not assign Plaintiffs Highmark's claims; rather, it *released* Highmark's claims against ASIC. Dkt. 39. TIG points to the following language in the Release: Plaintiffs agree "to release and fully discharge Highmark, Tollen,…and their respective insurers…from and against all manner of action…that the Vintage Hills Plaintiffs ever had, now have, or hereafter may have, arising out of or relating to the Vintage Hills Suit…." *See id.* at 5. Based on this language, TIG argues that since Plaintiffs released any claims against ASIC, an insurer, including any future claims, they do not have a viable claim against ASIC in the instant action. *Id.*

DISCUSSION

A. Judgment on the Pleadings Standard

Pursuant to Fed. R. Civ. P. 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." When reviewing a motion based on Rule 12(c), the Court must accept the facts as pled by the nonmovant. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1053 (9th Cir. 2011). "Rule 12(c) is functionally identical to Rule 12(b)(6) and […] the same standard of review applies to motions brought under either rule." *Id*. at 1055 n. 4 (citations omitted).

When reviewing a Rule 12(b)(6) motion, the Court must accept as true "all well-pleaded allegations of fact in the complaint and construe them in the light most favorable to the non-moving party." *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019)(internal quotations omitted). The court is not required to accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court may only consider the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Cedar Point Nursery*, 923 F.3d at 530.

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678.

B.  Settlement Agreements

Washington courts interpret settlement agreements in the same manner as they interpret other contracts. *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.,* 164 Wash.2d 411, 424 n. 9 (2008). "In doing so, we attempt to determine the intent of the parties by focusing on their objective manifestations as expressed in the [settlement] agreement." *McGuire v. Bates,* 169 Wash.2d 185, 189 (2010). When determining the intent of contracting parties, we apply the "context rule" adopted by our Supreme Court in *Berg v. Hudesman,* 115 Wash.2d 657, 667 (1990). Under the *Berg* context rule:

> the intent of the parties to a particular agreement may be discovered not only from the actual language of the agreement, but also from "viewing the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties."

*Scott Galvanizing, Inc. v. Nw. EnviroServices, Inc.,* 120 Wash.2d 573, 580–81 (1993) (quoting *Berg,* 115 Wash.2d at 663). A court may resolve contractual claims on a motion to dismiss if the terms of the contract are unambiguous. *Bedrosian v. Tenet Healthcare Corp.*, 208 F.3d 220 (9th Cir. 2000).

However, when a court ascertains the parties intent from terms in an ambiguous contract, this is a factual determination, *United States v. Plummer*, 941 F.2d 799, 803 (9th Cir. 1991), and thus "[w]here the language 'leaves doubt as to the parties' intent,' the motion to dismiss must be denied." *Consul Ltd. v. Solide Enteres., Inc.*, 802 F.2d 1143, 1149 (9th Cir. 1986). *See also State Farm Mut. Auto. Ins. Co. v. Fernandez*, 767 F.2d 1299, 1301 (9th Cir. 1985) ("The interpretation of a contract presents a mixed question of law and fact. The existence of an ambiguity must be

determined as a matter of law. If an ambiguity exists, a question of fact is presented."); *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1008–09 (9th Cir. 2014) (If the settlement agreement is ambiguous, then interpretation of the agreement presents a fact issue that cannot be resolved on a motion to dismiss).

Further, Washington courts have recognized and approved settlement agreements with covenant judgments, such as the Release in the instant matter. *See Kagele v. Aetna Life & Cas. Co.*, 40 Wash. App. 194, 198 (1985). A covenant not to execute coupled with an assignment and settlement agreement, however, is not a release permitting the insurer to escape its obligation. *Id.*

Here, applying the *Berg* context rule and the legal standard for a motion to dismiss, this Court should deny TIG's motion; the terms of the Release appear to be ambiguous and the Court would be required to resolve disputed facts concerning the settling parties' intent in drafting the Release.

TIG refers to the following language in the Agreement to show that it was *released* from all claims in the instant litigation:

> Highmark…agree[s] to release and fully discharge each other and their respective…insurers…from and against all manner of action, causes of action, suits, debts, accounts, promises, warranties, damages (including, but not limited to, contractual, consequential, extra-contractual, statutory, equitable and/or punitive), remedies, agreements, costs, expenses, claims or demands, whatsoever, in law or in equity, whether presently known or unknown, asserted or unasserted, that Highmark, Tollen and American 1st ever had, no have, or hereafter may have, arising out of or relating to the Vintage Hills Suit, the Highmark Policies, and the American 1st Policy (as those insurance policies related to the Vintage Hills Suit), and any other insurance policies issued to American 1st. *** This release also includes (and the Settling Parties have specifically bargained for) all claims that are currently known, unknown, latent and/or that may arise in the future with respect to the matters released herein.

*See* Dkt. 1-3 at 535-542, ¶III.4. From this paragraph, TIG claims that it was released from all claims Plaintiffs now bring against TIG because Plaintiffs' claims are related to the "Vintage Hills Suit" and TIG was one of Highmark's "insurers." Dk. 39 at 7.

However, TIG is not a "Settling Party" that specifically bargained for any provision of the Release. And even though TIG did insure Highmark, the Release defines the "Highmark Policies" only with respect to the commercial general liability insurance policies that Hannover issued to Highmark. *See id.* at ¶I., ¶II.C. Further, the Release also provides in the following paragraph:

> For and in further consideration of the settlement payment and the agreements herein, Highmark, Tollen, and Hannover, individually and collectively, hereby expressly assign and relinquish to the Vintage Hills Plaintiffs any and all claims not expressly released in Paragraphs III.3 and III.4. above, that they may have against any other persons, entities and/or insurance companies that are not parties to this agreement. This assignment includes, but is not limited to: …(b) any and all insurance claims Highmark and/or Tollen have or may acquire in the future against insurers other than Hannover related to the claims in the Vintage Hills Suit.

*See id.* at ¶III.5. According to this language, Plaintiffs were assigned potential claims against insurers, included TIG; and the only insurance company shielded from Plaintiff's claims would be Hannover, as a party to the Release.

Given the ambiguity in the intent of the parties to the Release and which insurers, besides Hannover, the Settling Parties intended to include as an "insurer", it would be improper for this Court to dismiss TIG from the instant litigation at this time. Thus, TIG's motion to dismiss should be DENIED.

NOTING DATE: MAY 12, 2022 - 6

CONCLUSION

The Court should DENY TIG's motion for judgment on the pleadings.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating this time limitation, this matter shall be set for consideration on **May 12, 2022**, as noted in the caption.

Dated this 28th day of April, 2022.

Theresa L. Fricke
United States Magistrate Judge

NOTING DATE: MAY 12, 2022 - 7