UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RIC LOGG, et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>TIG INSURANCE COMPANY, et al.,<br><br>                    Defendants. | CASE NO. 3:21-cv-05280-DGE-TLF<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on Defendant Contractors Bonding & Insurance Company ("CBIC") motion to dismiss.  (Dkt. No. 21.)  Plaintiffs responded to Defendant's motion (Dkt. No. 24) and Defendant replied.  (Dkt. No. 30.)  The Honorable Theresa L. Fricke, United States Magistrate Judge, held oral argument on the motion on April 19, 2022.  (Dkt. No. 55.)

On April 28, 2022, Judge Fricke issued a Report and Recommendation ("R&R") recommending that the Court deny CBIC's motion to dismiss.  (Dkt. No. 56.)  CBIC objected to the R&R (Dkt. No. 58) and Plaintiffs responded.  (Dkt. No. 62.)

ORDER ON REPORT AND RECOMMENDATION - 1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case has its genesis in several complaints brought by Plaintiffs against developer Highmark Homes, LLC ("Highmark").  On November 28, 2016, Plaintiffs sued Highmark in Kitsap County Superior Court, alleging construction defects at the company's Vintage Hills development in Bremerton, Washington.  (Dkt. No. 1-1 at 598–605.)

Highmark contracted with B&B Construction and Remolding, LLC ("B&B") to provide labor and services for the housing development.  (Dkt. No. 1 at 15.)  B&B was insured by CBIC.  (*Id*.)  Plaintiffs allege that "every contractor who worked on Highmark's development sign[ed] a master contract," pursuant to which every contractor was "required to procure insurance and name Highmark as an additional insured on its insurance."  (*Id*. at 13.)

Highmark tendered its defense of the Vintage Hills suit to both its own insurers and the insurers of the contractors, including CBIC.  (*Id*. at 42.)  Plaintiffs allege that Highmark requested that CBIC provide Highmark a defense as an additional insured under B&B's Policy.  (*Id*.)  Plaintiffs allege that CBIC did not accept Highmark's tender.  (*Id*. at 48.)

On June 15, 2017, Highmark filed a third-party complaint in Kitsap County Superior Court naming B&B and other contractors as defendants for breach of contract for the contractors' failure to name Highmark as an additional insured on their respective insurance policies.  (Dkt. No. 22-2.)

On October 24, 2018, B&B moved for summary judgment, seeking to dismiss Highmark's claims for implied indemnity, breach of contract and breach of warranty, arguing in part that there was no written contract between B&B and Highmark and that all B&B's work was performed pursuant to oral estimates.  (Dkt. No. 22-3.)  B&B argued that Revised Code of Washington 4.16.080(3) establishes a three year statute of limitations applicable to oral

contracts, and Highmark's breach of contract claim accrued no later than October 2012. (*Id*. at 9-10.)

Highmark opposed B&B's summary judgment motion, arguing that B&B issued a written invoice for the work performed, which was sufficient to bring the action within the six year statute of limitations for written agreements. (Dkt. No. 22-4.) Highmark argued in the alternative that even if the contract between Highmark and B&B was oral, Highmark learned it faced legal exposure because of B&B's work only after plaintiffs sued Highmark, and that it filed its third-party complaint within three years of discovery. (*Id*.)

On January 7, 2019, Kitsap County Superior Court Judge William C. Houser granted B&B's motion for summary judgment, finding that there was no material issue of fact raised by the responsive pleadings on the issue of the statute of limitations. (Dkt. No. 22-5.)

In a November 2018 mediation, the Vintage Hills plaintiffs and Highmark agreed that plaintiffs would take an assignment of Highmark's claims against "the non-participating carriers and contractors"— including Highmark's purported claims against CBIC, the insurer of B&B. (Dkt. No. 1.)

## II.    STANDARD OF REVIEW

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Material

1   allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston*
2   *v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (citations omitted). "While a complaint attacked
3   by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
4   obligation to provide the grounds of his entitlement to relief requires more than labels and
5   conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*
6   *Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (citations omitted).

### III.   DISCUSSION

**A.  CBIC's Motion to Dismiss**

On October 15, 2021, Defendant CBIC filed a motion to dismiss, arguing that Highmark cannot qualify as an "additional insured" under the plain language of CBIC's insurance policy issued to B&B. (Dkt. No. 21 at 6.) CBIC argues that Judge Houser's decision granting summary judgment against Highmark is preclusive under the doctrine of collateral estoppel, given that plaintiff homeowners are now suing CBIC under a subsequent assignment of claims from Highmark. (*Id*.)

CBIC argues that in taking that assignment, plaintiffs obtained only those rights coextensive with Highmark's at the time of the assignment, and that at the time of the assignment, Highmark's purported claims against B&B had already been fully litigated and resolved by Judge Houser's Order granting summary judgment on Highmark's claims against B&B. (*Id*. at 11.)

CBIC cites language in the insurance policy between CBIC and B&B defining an "additional insured" party as "any person or organization for whom you are performing operations when you and such person or organization ***have agreed in writing in a contract or***

1  *agreement* that such person or organization be added as an additional insured on your policy."
2  (*Id*. at 14-15.) (emphasis in original.)
3        Relying on Judge Houser's order, CBIC argues that there was no written contract or
4  agreement between Highmark and B&B, much less a written contract or agreement specifically
5  designating Highmark as an additional insured under the Policy. (*Id*. at 13.)
6        **B.  Report and Recommendation Findings**
7        On April 28, 2022, Judge Fricke issued an R&R on CBIC's motion, recommending that
8  the Court deny CBIC's motion to dismiss. (Dkt. No. 56.) Judge Fricke recommended that the
9  Court should decline, under Federal Rule of Evidence 201(b), to judicially notice B&B's motion
10 for summary judgment, Highmark's response, and the state court's ruling on the motion because
11 consideration thereof would require this Court to review disputed facts and ascertain the legal
12 ramifications of the disputed facts set forth in those documents—i.e., whether there was a written
13 contract between B&B and Highmark. (*Id*. at 6.) The R&R further recommended that the Court
14 decline to consider whether Judge Houser's order granting B&B's motion for summary judgment
15 forecloses Plaintiffs' claim. (*Id*.)
16       Judge Fricke also found that Plaintiffs have sufficiently alleged that "every contractor"
17 that worked on the housing development "signed a master contract" with Highmark and that
18 Plaintiffs allege that the specific contract between Highmark and B&B was "lost in a move"
19 along with several other contractor agreements. (*Id*.)
20       Judge Fricke reasoned that dismissal is inappropriate at this stage because discovery is
21 necessary to determine whether B&B actually did enter into a written contract with Highmark
22 requiring B&B to name Highmark as an additional insured under its policy with CBIC. (*Id*. at
23 7.)
24

ORDER ON REPORT AND RECOMMENDATION - 5

**C. Judicial Notice Under Federal Rule of Evidence 201[1]**

Under Federal Rule of Evidence 201(b)(2), a court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  When considering a motion to dismiss, a court may take judicial notice of "matters of public record" even if the material is not contained within the complaint.  See Fed. R. Evid. 201; *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  Matters of public record that may be judicially noticed include pleadings, orders, and other papers filed with the court or records of administrative bodies.  *See Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1233 (C.D. Cal. 2003).

Federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007); *see United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992) (taking judicial notice of a California superior court's final judgment where the proceedings before the superior court were "directly related" to the appeal and might in fact be dispositive.).

Defendant's motion to dismiss argues that Plaintiff is barred from re-litigating the existence of a written agreement between Highmark and B&B under the doctrine of collateral estoppel.  This Court has previously found that it may take judicial notice of a judgment on the pleadings issued by a Washington State superior court when considering the applicability of res judicata.  *Puget Sound Elec. Workers Health & Welfare Trust. v. Lighthouse Elec. Group.*, No. C12-276 RAJ, 2014 WL 1350788, at *3 n.3 (W.D. Wash. Apr. 3, 2014).

---

[1] The Court notes that the parties had the opportunity to present arguments concerning judicial notice during the April 19, 2022 hearing.

1    The Court finds it appropriate to take judicial notice of Judge Houser's order, B&B's
2    motion for summary judgment, and Highmark's response in state court because the existence of
3    a written contract was central to the entry of Judge Houser's order granting summary judgment
4    The issue now is whether the doctrine of collateral estoppel applies to the factual dispute
5    Plaintiffs continue to raise and hinges on whether the parties had the opportunity to litigate the
6    existence of a written contract before Judge Houser.  *See Lee v. City of Los Angeles*, 250 F.3d
7    668, 690 (9th Cir. 2001) (When a court takes judicial notice of another court's opinion, it may do
8    so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not
9    subject to reasonable dispute over its authenticity.").

**D.  Collateral Estoppel**

The dispositive question in this case is whether Plaintiff's claim against CBIC is precluded by Judge Houser's order granting B&B's motion for summary judgment, which found no material issue of fact as to the existence of a written agreement between Highmark and B&B, as relevant, in that case, for determining the statute of limitations applicable to Highmark's claims against B&B.

Collateral estoppel, also known as issue preclusion, "prevents a party from relitigating issues that have been raised and litigated by the party in a prior proceeding." *Clark v. Baines*, 84 P.3d 245, 249 (Wash. 2004).  Application of collateral estoppel requires proof that:

> (1) The issue in the prior and current action is identical, (2) the prior action ended in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action, and (4) the application of collateral estoppel would not work an injustice.

*Afoa v. Port of Seattle*, 421 P.3d 903, 915 (Wash. 2018) (citing *Christensen v. Grant Cnty. Hosp. Dist. No. 1*, 96 P.3d 957, 962 (Wash. 2004).  Collateral estoppel notably differs from res judicata because it only bars relitigation of a fact or law that was "actually litigated and determined by a

ORDER ON REPORT AND RECOMMENDATION - 7

valid and final judgment, and the determination [of that issue was] essential to the judgment[.]" *See Weaver v. City of Everett*, 421 P.3d 1013, 1018 (Wash. Ct. App. 2018), aff'd, 450 P.3d (Wash. 2019).

"Collateral estoppel 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Wilkinson v. Gingrich*, 806 F.3d 511, 516 (9th Cir. 2015) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

1. Whether the issue in the prior and current action is identical

In the Kitsap County litigation, Plaintiffs alleged that a written invoice was sufficient to constitute a "written" agreement for purposes of the statute of limitations. Here, Plaintiffs allege the existence of a master contract between Highmark and B&B, but claim that this contract was lost during a move. (Dkt. No. 24 at 9.) Nevertheless, the issue in this case, the existence of a written contract or agreement between Highmark and B&B, is identical to the issue considered by Judge Houser in Kitsap County on summary judgment. This is because Judge Houser's summary dismissal of Highmark's claims against B&B in state court could only be predicated on finding the absence of a written contract between Highmark and B&B. Thus, Highmark and B&B in fact previously argued before Judge Houser whether a written contract existed between Highmark and B&B.

2. Whether the prior action ended in a final judgment on the merits

The Kitsap County Superior Court's grant of summary judgment in favor of B&B constitutes a final judgment on the merits for purposes of collateral estoppel. *See e.g., Lee v. Ferryman*, 945 P.2d 1159, 1164 (Wash. Ct. App. 1997) (a grant of summary judgment in favor constitutes a final judgment on the merits and has the same preclusive effect as a full trial of the

issue.)  A review of Judge Houser's order together with the arguments raised before Judge Houser make it clear that Judge Houser concluded there was no written contract otherwise Highmark's claim would not have been summarily dismissed based on the applicable statute of limitations.

         3.   <u>Whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action</u>

Given Plaintiffs' current posture as the assignee of Highmark's claims, the Court finds that Plaintiffs are in privity with Highmark for purposes of collateral estoppel.  *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (Even when parties are not identical, privity may exist if "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest."); *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) (privity between parties exists when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted)).

         4.   <u>Whether the application of collateral estoppel would work as an injustice</u>

The Court finds that application of collateral estoppel would not work as an injustice in this case because Highmark had the opportunity to litigate the existence of a written contract with B&B during the Kitsap County litigation.  The purpose of collateral estoppel is to prevent re-litigation of a particular issue or a determinative fact after the party estopped "has a full and fair opportunity to present its case in order to promote the policy of ending disputes." *Seattle-First Nat'l Bank v. Cannon*, 615 P.2d 1316, 1320 (Wash. Ct. App. 1980) (internal citation omitted)).

Highmark had the opportunity to assert the existence of a master contract between Highmark and B&B, to produce this document, and otherwise to conduct discovery relevant to

ORDER ON REPORT AND RECOMMENDATION - 9

this issue in the state court. Relitigating the existence of a contract in this Court conflicts with the policy of ending disputes.

### IV.  ORDER

Having reviewed the Report and Recommendation of the Honorable Theresa Fricke, United States Magistrate Judge, any objections or responses to that, and the remaining record, the Court finds and ORDERS:

(1) The Court declines to adopt the Report and Recommendation (Dkt. No. 56);

(2) Defendant CBIC's motion to dismiss (Dkt. No. 21) is GRANTED.

Dated this 2nd day of August, 2022.

David G. Estudillo
United States District Judge