UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMAs

| | |
|---|---|
| RIC LOGG,<br><br>               Plaintiff,<br>    v.<br><br>TIG INSURANCE COMPANY,<br><br>               Defendants. | Case No. 3:21-cv-05280-DGE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: JANUARY 13, 2023 |

This matter comes before the Court on Defendant TIG Insurance Company's ("TIG") motion to exclude plaintiffs' expert witness pursuant to Federal Rule of Civil Procedure ("FRCP") 37(c)[1]. Dkt. 76. TIG argues that plaintiffs' untimely expert witness disclosure precludes plaintiffs from using expert testimony in this case. TIG's motion should be granted.

## BACKGROUND

The complaint was filed on April 19, 2021. Dkt. 1. The pretrial scheduling order was entered by the Court on May 24, 2022. Dkt. 60. Pursuant to the order, the parties were instructed to disclose their opening expert witnesses no later than July 1, 2022, and their rebuttal expert witnesses by July 8, 2022. *See id.* The order clearly stated that the dates set forth in the pretrial schedule were firm that could only be changed by agreement of the court, and the court would alter the dates only if good cause was

---

[1] Defendant Nevada Capital Insurance Company joins in this motion. Dkt. 83.

1

shown. *Id.* Further, the order stated that "failure to complete discovery within the time allowed is not recognized as good cause." *Id.* Although plaintiff made a motion to extend the deadline for discovery *motions*, which was granted, that motion was only filed on October 27, 2022 (Dkt. 72) and did not include a request to extend the deadline for expert disclosures.

Plaintiffs served TIG with the disclosure of their expert witness on September 16, 2022 – more than two months after the deadline in the pretrial scheduling order. *See* Dkt. 77 (Declaration of Stephania Denton) at ¶2. Plaintiffs named J. Kay Thorne as an expert on "claim handling, claim management and litigation management on [sic] large complex insurance claims." *Id.*, Exh. 1.

Plaintiffs did not provide an expert report as part of their expert witness disclosure; they simply disclosed that Mr. Thorne's expected testimony is that he "will review the claim file produced" and "testify regarding claim practices, investigations, and WAC 284.30.300-400, RCW 19, and other matters and actions of insurers." *Id.* Plaintiffs have not provided an expert report for Mr. Thorne to date. Dkt. 76 at 2. On September 23, 2022, plaintiffs stated in an email to TIG's counsel that Mr. Thorne cannot provide an expert report because the "claim file is worthless and no reasonable person could reconstruct any event from the file." Dkt. 84 at 4; *see also* Dkt. 85 (Declaration of Todd Skoglund) at Exh. 1.

TIG filed the instant motion on November 7, 2022. TIG requests that plaintiffs be barred from offering expert testimony in this case due to the untimely disclosure. Plaintiffs responded, arguing that no expert report was provided because TIG failed to produce certain documents that are necessary to form Mr. Thorne's opinion. Dkt. 84.

2

Plaintiffs stated that counsel experienced a family emergency (Dkt. 72 at 2, Dkt. 92 at 2-3); yet, the Court did not receive any motions relating to the expert witness disclosures.

DISCUSSION

I.     FRCP 26 and 37

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of each expert witness, "accompanied by a written report prepared and signed by the witness," by a date set by the Court. Fed. R. Civ. P. 26(a)(2)(B)-(C). Rule 37(c)(1) "gives teeth to these requirements" by forbidding the use of any improperly disclosed information in a motion, at a hearing, or at trial. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information or identify a witness as required under Rule 26(a) ..., the party is not allowed to use that information"). Courts have excluded expert testimony under Rule 37(c)(1) "even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

However, two exceptions "ameliorate the harshness of Rule 37(c)(1)." *Id.* The material may be used if the party's failure to properly disclose was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). The party making the late disclosure—here, Plaintiff—bears the burden of establishing that the failure to disclose was substantially justified or harmless. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008) ("[T]he burden is on the party facing the sanction ... to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless."). Rule 37(c) is intended to be a "self-executing, automatic sanction to provide [ ] a strong

3

inducement for disclosure of material." *Yeti by Molly, Ltd.*, 259 F.3d at 1106 (citing Fed. R. Civ. P. 37 Advisory Committee's Note (1993)) (quotations omitted).

Plaintiffs appear to contend that their untimely expert disclosure was justified based on TIG's discovery responses. Specifically, plaintiffs state that TIG did not produce an email from 2017. Dkt. 85 at Exh. 2. But that email seems to relate to a different case, as shown by the email's subject: "Leclair v. Highmark Homes LLC." *Id.* Leclair is not a party in this case. In any event, plaintiffs do not meet their burden in proving how this email or TIG's discovery responses justify their untimely and incomplete expert witness disclosure[2]. Again, plaintiffs did *not* request additional time from the Court to make their expert witness disclosure nor did they file a motion to compel the emails that TIG allegedly failed to produce.

Plaintiffs contend their delay does not prejudice TIG. But, because plaintiffs' expert disclosure was late, TIG's expert witness strategy was likely affected. *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) ("Because Goodman had not yet disclosed any expert reports, Staples made its decisions regarding defense experts under the belief that Goodman's non-medical experts would not be testifying in her case-in-chief). Discovery is closed and the deadline to file dispositive motions is quickly approaching. If the Court were to allow plaintiffs to rely on Mr. Thorne's expert opinion, the Court would be in a position where it needs to amend the scheduling order to re-open discovery to allow TIG time to disclose a rebuttal expert witness and allow the parties time to depose their respective expert witnesses. And, TIG

---

[2] Judge Chun discussed the same email in an order granting defendant's motion to exclude the untimely disclosure of plaintiffs' expert in a companion case, *Becker, et al. v. TIG Insurance Co., et al.*, U.S.D.C. W.D. Wash., Case No. 3:21-cv-05185-JHC. Dkt. 103 (Order dated 11-15-2022).

can only depose Mr. Thorne after Mr. Thorne has provided an expert report. This would lead to a significant alteration of the pretrial schedule. This delay would be unjust, since plaintiffs have failed to show how their untimely disclosure was justified or harmless. *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.").

For the above reasons, the Court should GRANT TIG's motion to exclude the Mr. Thorne, or any other expert's, testimony.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating this time limitation, this matter shall be set for consideration on **January 13, 2023**, as noted in the caption.

Dated this 29th day of December, 2022.

Theresa L. Fricke
United States Magistrate Judge

5