UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RIC LOGG et. al,<br><br>                     Plaintiffs,<br>    v.<br><br>TIG INSURANCE COMPANY et al.,<br><br>                    Defendants. | Case No. 3:21-cv-5280-DGE-TLF<br><br>REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT<br><br>NOTED FOR: APRIL 18, 2023 |

This matter comes before the Court on plaintiffs' motion for leave to amend the complaint. Dkt. 117. The Court has considered the briefs and documents filed in support and in opposition to the motion, as well as the balance of the record. Based on the reasoning discussed below, the Court recommends the Court DENY plaintiffs' motion for leave to file amended complaint. Dkt. 117.

BACKGROUND

Plaintiffs, who collectively are owners of homes located in the Vintage Hill Development in Auburn, Washington, filed this action on April 19, 2021. Dkt. 1. The action arises from TIG Insurance Company's ("TIG") (successor to American Safety Indemnity Company ("ASIC")) alleged failure to defend Highmark Homes LLC ("Highmark") in the underlying construction defect case filed by the plaintiffs in Kitsap

REPORT AND RECOMMENDATION ON PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THEIR COMPLAINT
- 1

County Superior Court ("Vintage Hills Suit"). Dkt. 1 at 2-5; *see* Dkt. 1-1 at 598-605. Plaintiffs assert that as a condition of settlement between Highmark and plaintiffs, plaintiffs agreed to take an assignment of Highmark's claims against Highmark's primary insurer and several of the contractor's carriers. *Id*. at 2-3; see Dkt. 1-3 at 534-542.

On May 24, 2022, the Court issued a pretrial schedule Dkt. 60 The Court set the deadline to amend pleadings for June 10, 2022. *Id*. The Court set the discovery deadline for November 18, 2022, but the deadline was extended to December 2, 2022, on motion from plaintiffs. Dkt. 72; *Id*. The deadline for dispositive motions was set on January 20, 2023. Dkt. 60. On January 19, 2023, plaintiffs filed a motion for partial summary judgment. Dkt. 95. On January 20, 2022 TIG filed a motion for summary judgment. Dkt. 98. These motions are currently pending before the Court.

Plaintiffs seek leave to amend so they may add to the complaint more specific facts to support their claims for breach of contract, negligence, failure to provide Highmark a defense in good faith, and failure to comply with obligations under *Tank v. State Farm Fire & Cas. Co*., 105 Wn.2d 381 (1986). Dkt. 117 at 2. Plaintiffs assert that the additional allegations are based on facts divulged recently during discovery, and TIG's reply to plaintiffs' partial motion for summary judgment, wherein TIG stated that it provided a defense to Highmark in 2019. *Id*. at 4, 9 (characterizing TIG's discovery response, "a month after the discovery cut-off in this matter" as "a document dump").

TIG objects to the motion for leave to amend, arguing that the motion is untimely, is filed in bad faith, and would prejudice TIG. Dkt. 120 at 2. Additionally, TIG argues that

plaintiffs' complaint should be denied on procedural grounds because plaintiffs failed to file a motion to amend the schedule pursuant to Fed. R. Civ. P. 16 (b)(4). *Id*.

## DISCUSSION

### A. Local Rules

According to the United States District Court for the Western District of Washington's Local Rule 15 (LCR 15) (emphasis added): "A party who moves for leave to amend a pleading. . .<u>must attach a copy of the proposed amended pleading as an exhibit to the motion.</u> . . .The party must indicate on the proposed amended pleading how it differs from the pleading that it amends <u>by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added</u>. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits."

Plaintiffs filed nearly 700 pages of exhibits to support their motion to amend (Dkt. 118), but plaintiffs have failed to comply with the mandatory language of LCR 15 – they are required to include a proposed amended complaint that would show the Court what they intend to add, and what they intend to delete. As such, plaintiffs have not complied with the requirements of the Local Civil Rules. Therefore, the motion (Dkt. 117) should be denied without prejudice.

### B. Amended Pleadings Deadline

The Court notes that the deadline to file amended pleadings was on June 10, 2022, pursuant to the scheduling order. Dkt. 60. Additionally, the dispositive motion deadline was January 20, 2023. *Id*. Despite the fact that these deadlines have now

passed, plaintiffs failed to file a motion to amend the scheduling order as required by Fed. R. Civ. P. 16(b)(4). Defendants argue that plaintiffs failed to show "good cause" to modify the scheduling order. Dkt. 120 at 4-7. However, the Court declines to consider whether plaintiffs met the good cause standard under *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) because plaintiffs failed to comply with either FRCP 16(b)(4), or LCR 15 of the local rules. Thus, the Court should deny the motion to amend, without prejudice; the Court should also decline to consider the FRCP 16 issues, because plaintiff has failed to make a motion to modify the scheduling order.

## CONCLUSION

Plaintiffs did not comply with LCR 15, nor did plaintiffs file a motion to modify the scheduling order under FRCP 16(b)(4).

Plaintiffs did not attach their proposed amended complaint, as required by LCR 15. Because they did not attach a proposed amended complaint, they also did not comply with Local Civil Rule 15's requirement that they show how the amended pleading would be different from the pleading that he requests to amend – they did not highlight added language, and they did not strike through deleted language. Therefore the Court should DENY plaintiffs' motion to amend.

Plaintiffs have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

NOTED FOR: APRIL 18, 2023 - 4

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **April 18, 2023**, as noted in the caption.

Dated this 4th day of April, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge