UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RIC LOGG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TIG INSURANCE CO., et al., <br><br> Defendants. | Case No. 3:21-cv-5280-DGE-TLF <br><br> ORDER RE: PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE, AND PLAINTIFFS' MOTION FOR SANCTIONS |

This matter comes before the Court on plaintiffs' motion to exclude all evidence and witnesses undisclosed by defendant TIG Insurance Company ("TIG") and issue sanctions to TIG Pursuant to Federal Rules of Civil Procedure 11, 26(a)(e)(g), and 33(b). Dkt. 126. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth herein, the Court **DENIES** plaintiffs' motions without prejudice.

FACTUAL BACKGROUND

On February 14, 2022, TIG produced its initial disclosures. Dkt. 118, Ex. 26 (Seventh Declaration of Todd Skoglund). On June 10, 2022, TIG produced a redacted copy of the claim file and policies, along with a privilege log. Dkt. 129, Ex. B, C (Declaration of Matt Erickson to TIG's Opposition to Motion to Exclude). Although these motions are not properly brought at this time, the Court recognizes it is possible that, if

ORDER RE: PLAINTIFFS' MOTION TO EXCLUDE
EVIDENCE, AND PLAINTIFFS' MOTION FOR
SANCTIONS - 1

the case moves past the summary judgment stage and issues are set for trial, motions in limine may be filed later, and the underlying issues may again become relevant to the motions in limine.

On July 1, 2022, TIG served its disclosure of Expert Witnesses, naming Danette K. Leonhardi as an expert in claims handling practices. Dkt. 129, Ex. D. On July 8, 2022, TIG served its Disclosure of Rebuttal Witnesses, and reserved the right to name a construction expert to testify regarding the construction of homes in the Vintage Hills Development. *Id*. at Ex. E. TIG also disclosed "RiverStone Employees identified in the claim file" and "Other RiverStone Employees" as hybrid fact and expert witnesses, and listed TIG's former counsel, Lane Powell, as the contact for the RiverStone Employees. *Id*.

On August 23, 2022, TIG served its responses to plaintiff's discovery requests. *Id*., Ex. F. On November 3, 2022, TIG produced supplemental answers to certain of plaintiffs' interrogatories, and informed plaintiffs that TIG and RiverStone relied on Highmark's defense counsel from the firm Gillaspy & Rhodes to provide information regarding litigation of the underlying matter. Dkt. 127, Ex. 1 (Ninth declaration of Todd Skoglund). On November 29. 2022, TIG produced separate supplemental answers to plaintiffs' interrogatories and provided the identities and a brief description regarding five individuals who played a role during the lifecycle of the claim at issue. Dkt. 129, Ex. G.

The deadline for discovery motions expired November 25, 2022, and the discovery deadline expired on December 2, 2022. Dkt. 75.

On January 19, 2023, TIG produced an additional 525 Bates-numbered pages of documents responsive to plaintiffs' discovery requests. Dkt. 129, Ex. H.

ORDER RE: PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE, AND PLAINTIFFS' MOTION FOR SANCTIONS - 2

DISCUSSION

Plaintiffs' motions regarding discovery are untimely; the deadline for discovery motions was November 25, 2022. *See* Dkts. 60, 75. The Court will nevertheless briefly address the issues raised in plaintiffs' motions.

1. Discovery Sanctions

Federal Rule of Civil Procedure 26(a)(1) requires a party to provide the "name…of each individual likely to have discoverable information" – and subjects of that information – that a party "may use to support its claims or defenses" as a part of its initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i). Additionally, a party who has made a disclosure under Fed. R. Civ. P. 26(a) must supplement or correct its response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(a).

When a party fails to provide requested discovery that falls within the scope of Rule 26(b)(1), Fed. R. Civ. P. 37(a)(1) allows the requesting party – after giving notice to other parties and attempting to resolve the dispute by a meet and confer – to "move for an order compelling disclosure or discovery." Rule 37(c)(1) forbids the use of any improperly disclosed information in a motion, at a hearing, or at trial. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information or identify a witness as required under Rule 26(a) ..., the party is not allowed to use that information").

Two exceptions "ameliorate the harshness of Rule 37(c)(1)." *Id*. The material may be used if the party's failure to properly disclose was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *Merchant v. Corizon Health,* 993 F.3d 733, 740 (9th

Cir. 2021). The party making the late disclosure bears the burden of establishing that the failure to disclose was substantially justified or harmless. *R & R Sails, Inc. v. Insurance Co. of Pennsylvania,* 673 F.3d 1240, 1247 (9th Cir. 2012). If the exclusion of such evidence would be a sanction that amounts to dismissal, then the district court is required to consider "whether the claimed noncompliance involved willfulness, fault, or bad faith." *Id*. Rule 37(c) is intended to be a "self-executing, automatic sanction to provide [ ] a strong inducement for disclosure of material." *Yeti by Molly, Ltd.*, 259 F.3d at 1106 (citing Fed. R. Civ. P. 37 Advisory Committee's Note (1993)) (quotations omitted).

Plaintiff alleges that (1) TIG failed to contact Gillaspy & Rhodes or RiverStone for information and documentation before answering discovery, and (2) TIG's responses to the interrogatories failed to comply with FRCP 26(b)(1) because it failed to produce names or contact information for a RiverStone employee, and the information is not in its production, Dkt. 126 at 9, 11.

With respect to plaintiffs' first point, TIG argues that even if there was a delay in the production of some materials, there is no prejudice or surprise to plaintiffs because the discovery was provided within sufficient time. Dkt. 128 at 7. Regarding plaintiffs' additional points, TIG responds that the alleged failure to specify names and contact information of RiverStone employees is harmless and/or substantially justified because the employee names are in the materials produced, TIG advised plaintiffs that RiverStone employees could be contacted through TIG's [then] counsel Lane Powell, and plaintiffs could have contacted TIG's counsel regarding service on these

employees, rather than attempting to serve them at their personal addresses. Dkt. 128 at 7-8.

Plaintiffs' request for exclusion of "all evidence not found within [TIG's] first document disclosure and subsequent discovery responses in which TIG limited the homeowners" does not identify any specific items of evidence that plaintiffs contend should be excluded. The Court declines to speculate about the evidence plaintiffs seek to exclude – plaintiffs' motion for exclusion of evidence and witnesses is therefore **DENIED** without prejudice.

Regarding whether sanctions are warranted under FRCP 37(c) for any violation of FRCP 26(a)(1) – based on the record currently before the Court, any delay in producing documents or identifying witnesses appears to be harmless. TIG's most recent response to plaintiffs' discovery request was produced after the discovery deadline; but the rules allow parties to supplement their disclosures, Fed. R. Civ. P. 26(e)(1)(a). And plaintiffs do not specify what evidence they desire the Court to exclude. Plaintiffs contend that arguments presented by plaintiffs in their motion for summary judgment would not have been available had they not known about the fact that RiverStone fired Gillaspy & Rhodes. Dkt. 126 at 14. Because plaintiffs *did* have access to these facts and included them in their motion for summary judgment, there is no evidence that the late disclosure was harmful to plaintiffs.

2. Rule 11 Sanctions

Plaintiffs' request for Fed. R. Civ. P. 11 sanctions fails to comply with the "strict procedural requirements" of Rule 11. *Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 788 (9th Cir. 2001). Specifically, Rule 11(c)(2) states that the motion for sanctions "must

be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The Ninth Circuit has made clear that the purpose of Rule 11(c)'s safe harbor provision "is to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions." *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998). Moreover, Fed. R. Civ. P. 11(d) states that "[t]his rule does not apply to disclosures and discovery requests, responses, objections, and options under Rules 26 through 37."

Here, plaintiffs' motion is clearly related to discovery issues. Fed. R. Civ. P. 11(d) does not permit discovery motions to become the subject of a Rule 11 motion. And plaintiffs failed to provide notice of their intent to seek FRCP 11 sanctions within 21 days. Dkt. 126 at 11. Plaintiffs also failed to follow the Western District of Washington's Local Rule concerning motions for orders compelling discovery. LCR 37. Therefore, plaintiffs are not entitled to sanctions under Fed. R. Civ. P. 11, 26, or 37. *See Radcliffe*, 254 F.3d at 789. Plaintiffs' motion for sanctions is therefore **DENIED** without prejudice.

CONCLUSION

For the reasons stated herein, the Court **DENIES** plaintiffs' motion to exclude undisclosed evidence and witnesses, without prejudice; and **DENIES** the plaintiffs' motion for Rule 11 sanctions without prejudice.

Dated this 12th day of June 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER RE: PLAINTIFFS' MOTION TO EXCLUDE
EVIDENCE, AND PLAINTIFFS' MOTION FOR
SANCTIONS - 6