UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RIC LOGG et al., <br><br> Plaintiff, <br><br> v. <br><br> TIG INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 3:21-cv-5280-DGE-TLF <br><br> REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT |

This matter comes before the Court on plaintiffs' second motion for leave to amend the complaint. Dkt. 124. Defendant TIG Insurance Company (TIG) filed a response in opposition. Dkt. 136. The Court has considered the briefs and documents filed in support and in opposition to the motion, as well as the balance of the record. Based on the reasoning discussed below, plaintiffs' motion for leave to file amended complaint should be DENIED. Dkt. 124.

## BACKGROUND

Plaintiffs filed this action on April 19, 2021. Dkt. 1. The Court's deadline for amending pleadings was June 10, 2022. Dkt. 60. The Court initially set the discovery deadline for November 18, 2022; the Court granted plaintiffs' motion to extend this deadline to December 2, 2022. Dkt. 72; *Id*. The dispositive motion deadline was January 20, 2023. Dkt. 60.

REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT - 1

On January 19, 2023, plaintiffs filed a motion for partial summary judgment. Dkt. 95. On January 20, 2023, TIG filed a motion for summary judgment. Dkt. 98. All responses and replies were filed by February 17, 2023.

On March 9, 2023, Plaintiffs filed a motion to amend their complaint. Dkt. 117. This Court denied that motion because it did not comply with LCR 15 – which requires a redlined copy of the amended complaint be attached to the motion – and because plaintiffs did not file a motion to modify the scheduling order pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.). Dkt. 121 at 4.

Plaintiffs again seek leave to amend their complaint to add more specific facts to support their claims for breach of contract and bad faith. Dkt. 124 at 5. These facts include actions that TIG and its counsel took or failed to take while defending Highmark homes LLC in the underlying construction defect suit. Dkt. 125, Ex. 1. Plaintiffs assert that the additional allegations are based on facts divulged during discovery, and TIG's response to plaintiffs' partial motion for summary judgment, wherein TIG stated that it provided a defense to Highmark in 2019. *Id*. at 4, 9 (characterizing TIG's discovery response, "months after the discovery cut-off in this matter" as "a document dump"). Plaintiffs argue that "good cause" to amend the scheduling order is present in this matter.

TIG objects to the motion for leave to amend, arguing the motion is untimely, filed in bad faith, and would prejudice TIG. Dkt. 136 at 9. Additionally, TIG argues that plaintiffs' complaint should be denied on procedural grounds because plaintiffs failed to file a motion to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4). *Id.* at 4-9.

REPORT AND RECOMMENDATION ON PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THE COMPLAINT -
2

In their reply brief, plaintiffs allege TIG's document production was inadequate and that plaintiffs were unable to timely sort through the hundreds of documents they received. Dkt. 138 at 7.

## DISCUSSION

### A. Rule 16

Plaintiffs contend in their motion to amend that good cause exists because TIG allegedly withheld documents during discovery. Dkt. 124 at 5-6. TIG argues that plaintiffs failed to show good cause because the information they seek to add to the complaint was disclosed in TIG's June 10, 2022 document production. Dkt. 136 at 6-7. TIG further argues they produced the documents sought by plaintiffs on December 2, 2022 – within the discovery window prescribed by the scheduling order. *Id.* at 7.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.16(b)(4). The primary factor in consideration for the good cause standard is the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus . . . is upon the moving party's reasons for seeking modification." *Id.* The inquiry should end if the moving party was not diligent. *Id.*

Plaintiffs could have discerned the information they seek to add, including the timeline of Highmark's counsel and TIG's defense of Highmark through settlement, from TIG's document production received on June 10, 2022. *See* Dkt. 137, Ex. 1, 2. However, assuming that plaintiffs were only fully aware of these arguments beginning at the time they received the December 2, 2022 disclosure, they nevertheless had multiple

REPORT AND RECOMMENDATION ON PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THE COMPLAINT -
3

opportunities to bring up the additional facts and move to amend to add new claims. For example, in conjunction with their January 19, 2023 motion for partial summary judgment they could have submitted a motion to amend; in their response to TIG's motion for summary judgment, they could have made a motion to amend the complaint and requested additional time for discovery under Fed. R. Civ. P. 56(d); and they could have raised the issues in a motion under Fed. R. Civ. P. 56(d) and a motion to amend the complaint, filed in conjunction with their reply to their own motion. Plaintiffs had *seven weeks* from the time discovery was received in December, to the time they filed their motion for partial summary judgment in which to examine and present an appropriate motion incorporating the new documents. Additionally, plaintiffs did not request an extension on any of these deadlines, despite the allegations of a "data dump" document production.

Considering the sequence of events and prior opportunities plaintiffs would have been presented with to raise additional facts and allege a new claim, the Court should deny the motion under Fed. R. Civ. P. 16, and hold that plaintiffs were not diligent and have not shown "good cause."

**B. Rule 15**

Even if the Court assumes, for purposes of analysis, that good cause under Rule 16 has been shown, the moving party must further demonstrate that amendment of the complaint is proper under Fed. R. Civ. P. 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

The factors the Court must weigh are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) whether the amendment would be futile; prejudice to the

opposing party is given the strongest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### 1. Bad Faith

TIG argues that plaintiffs' motion is made in bad faith because by filing this motion over a month after the summary judgment motions were fully briefed, plaintiffs are attempting to "inject additional evidence into the summary judgment proceeding where the dispositive motions deadline has passed." Dkt. 136 at 10. Plaintiffs reply that TIG is responsible for the delay, and TIG is the only party who acting in bad faith. Dkt. 138 at 7.

"In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015).

The timing of the motion suggests that there may be an intent to delay or circumvent the summary judgment process. However, delay alone is not sufficient to establish bad faith, in light of the explanations plaintiffs have provided. Therefore, this factor slightly favors amendment.

### 2. Undue delay

Plaintiffs maintain that any delay in the filing of this motion is due to an allegedly improper "document dump" by TIG. Dkt. 124 at 8. TIG argues that granting a motion to amend the complaint at this stage would further delay judgment and require further litigation – effectively requiring reopening of the discovery process. Dkt. 136 at 11-12.

When evaluating whether amendment will cause undue delay, the Court must consider both whether the moving party has complied with the scheduling order, and –

REPORT AND RECOMMENDATION ON PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THE COMPLAINT -
5

whether the moving party knew or should have known the facts and theories raised by the amendment at the time of the original pleading. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). "Undue delay" is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court. *Wizards of the Coast LLC*, 309 F.R.D. at 651-52.

Pending summary judgment motions have been considered as weighing against granting motions to amend. *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). The re-opening of discovery and potential increase in litigation expenses have also been considered in undue delay analysis. *Canal Properties, LLC v. Alliant Tax Credit V, Inc.*, 220 Fed. Appx. 699 (9th Cir. 2007).

Allowing plaintiffs to amend the complaint this far removed from the discovery cut-off, where motions of summary judgment have been filed and are being considered, would cause a significant delay in the proceedings. The information that plaintiffs are proposing to add was disclosed to them on June 10, 2022. *See* Dkt. 137, Ex. 1,2. Plaintiffs were aware of this information well before the discovery cutoff date and did not act on it until March of 2023. Plaintiffs could have requested an extension of time to prepare their motion for summary judgment, to respond to the TIG's motion for summary judgment, or incorporated the evidence into their response to TIG's motion for summary judgment. Instead, plaintiffs waited nearly a month after briefing was filed to file this motion and failed to follow the local rules when initially filing their motion. Plaintiffs filed their original motion to amend on March 9, 2023 – 272 days after the deadline for amended pleadings, 97 days after the discovery cutoff, and 48 days after the dispositive motion deadline. This factor cuts in favor of TIG.

### 3. Prejudice

Prejudice to the defendant is the factor this Court must weigh most strongly. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). In the context of a motion to amend, prejudice means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015).

Plaintiffs again claim that TIG is acting in bad faith and that its allegedly improper discovery practices are the reason for this motion. TIG argues that allowing a motion to amend months after the discovery cut-off would be highly prejudicial. Dkt. 136 at 11.

Prejudice can be established by demonstrating that a motion to amend was made after the dispositive motion deadline, or after discovery had closed. *Zikovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (stating "need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint").

Here, granting this motion to amend would be prejudicial. Discovery has been closed for four months and summary judgment motions are under consideration. Allowing plaintiffs to amend their complaint now would likely mean discovery would need to be re-opened and additional dispositive motions would be submitted or the existing motions modified and re-filed. Therefore, the factor of prejudice to the defendant weighs against granting leave to amend the complaint.

REPORT AND RECOMMENDATION ON PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THE COMPLAINT -
7

**4. Futility**

Futility of amendment alone can justify the denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Leave to amend should only be denied as futile when no set of facts can be proven under the amended pleading that would constitute a valid claim. *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018), *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (stating that the standard for considering whether amendment would be futile is the same standard used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)). In order to survive a 12(b)(6) motion to dismiss, a complaint must be "plausible on its face." *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009).

Neither party has briefed the factor of futility. At present, plaintiffs have acknowledged that TIG did not withdraw their defense until after the settlement had been reached and therefore TIG may be able to meet its burden to show that it performed its duty to defend. Dkt. 110 at 3-4. If the Court requires more briefing on this issue, it may request additional briefs. On the record, this factor does not tip the balance and the Court should hold that plaintiff should not be allowed leave to amend the complaint.

**CONCLUSION**

Plaintiffs fail to satisfy the "good cause" analysis required to modify the scheduling order under Fed. R. Civ. P. 16(b)(4). Further, granting leave to amend the complaint would cause undue delay and prejudice to TIG. Plaintiffs fail to satisfy either rule 16 or rule 15. For these reasons, the Court should deny plaintiffs' motion to amend.

Parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); see also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating the time limit imposed be Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **September 1, 2023**.

Dated this 11th day of August, 2023.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT - 9